## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                    Case No. 1:20-CR-00329 KWR

MANUEL ARVIZO,

      Defendant.

### ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Appeal from Detention Order, filed August 25, 2020 (**Doc. 32**).  The Court, having reviewed Parties' briefing and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required).  Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

Defendant was arrested on January 9, 2020 on a complaint charging him with violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  **Doc. 1, 8.**  Defendant waived a detention hearing, and Judge Yarbrough entered an order detaining Defendant pending trial, finding that he was both a danger to the community and a flight risk.  Judge Yarbrough noted the strong weight of the evidence against Defendant, Defendant's prior criminal history, Defendant' participation in criminal activity while on probation or supervision, Defendant's history of violence, Defendant's

history of alcohol or substance abuse, Defendant's lack of stable employment, lack of stable residence, prior failure to appear in court as ordered, attempts to evade law enforcement, and his background information was unknown or unverified. **Doc. 13.**

On January 29, 2020 an indictment was filed adding a count for possession with intent to distribute a mixture and substance containing methamphetamine in violation of 21 USC §841(a)(1), 841(b)(1)(C).

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. **Doc. 10.** The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged
- Lack of Familial, Residential, Community, Employment, Property, and Financial Ties (not limited to the district of arrest)
- Substance Abuse History
- Criminal History Including Record of Failure to Appear
- Criminal Activity while under Supervision
- Lack of Verifiable, Legitimate Employment
- Pending Charges
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Prior Arrests and Convictions
- Substance Abuse History
- Violent Behavior History
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Criminal Activity while under Supervision
- History of Charges Involving a Child
- Charge Involving Sex Offense/Abuse
- History/Charge Involving Violence/Domestic Violence
- History of Weapons Use
- Safety Concerns for the Community

The pretrial services report also shows an extensive criminal history, including multiple instances of burglary, theft, aggravated battery, DWI, criminal sexual penetration of a child, kidnapping, aggravated assault and battery, multiple residential burglaries, and armed robbery with a deadly weapon. **Doc. 10.** He also has an extensive history of failing to comply with probation or terms of release, including failure to appear.

The addendum to the pretrial services report, issued September 9, 2020, noted: "Between the defendant's extensive criminal history, lack of compliance with court orders, substance abuse history, history of weapons possession and use, violent behavior history, and he was on probation with the State of New Mexico Department of Corrections at the time of the instant offense, it appears there is no condition or combination of conditions that will reasonably assure the appearance of this defendant as required or the safety of the community."

Defendant appears to argue that he does not have recent criminal offenses. However, the report notes that Defendant's recent alleged crimes include a (1) 2018 attempt to receive or transfer a stolen vehicle and possession of burglary tools and a (2) 2019 larceny and residential burglary. Defendant was on probation or on release for these two cases when he was arrested in this case. **Doc. 10 at 8-9.**

Defendant moved to reconsider the detention order and Judge Yarbrough denied the request. **Doc. 31.** Defendant now appeals his detention order.

In his appeal of the detention order **(Doc. 32)** Defendant did not rebut the pretrial services report or point out errors. Rather, Defendant's argument focuses on his medical condition. Defendant asserts he suffers from COPD, diabetes, and hypertension, underlying conditions making him vulnerable to COVID-19.

**LEGAL STANDARD**

**I.      Standards for Appeal of Detention Order.**

Defendant appeals Judge Yarbrough's detention order.  "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).   "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145.  The Court reviews the detention order *de novo*.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties.  *Id.*  at 617.

**II.      Standards for release for compelling reasons under § 3142(i).**

Defendant also seeks temporary release from pretrial custody pursuant to 18 U.S.C. § 3142(i).  That section provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to

the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Section 3142 does not define "compelling reason."

The defendant bears the burden of proof under this provision. *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. March 25, 2020). "The Court will evaluate the "other compelling reason" standard in light of the COVID-19 outbreak utilizing the following factors: (1) the original grounds for defendant's pretrial detention, (2) the specificity of defendant's COVID-19 concerns and the immediate risk of infection, and (3) the efficacy of the proposed release plan in addressing the concerns of the Court when the original detention decision was made as well as the COVID-19 risks now present." *United States v. Sondergard*, No. 19-CR-4048 MV, 2020 WL 1955159, at *1 (D.N.M. Apr. 23, 2020), *citing See United States v. Gomez*, 19-CR-3720 RB, Order Denying Motion For Reconsideration of Detention Order, April 10, 2020 (Wormuth, MJ); *cf. United States v. Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez*, 19-CR-1091, Order Denying Defendant's Motion to Modify Conditions of Release in Light of COVID-19, April 21, 2020 (Yarbrough, MJ).

Defendant does not appear to request a hearing. As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Similarly, here the Court sees no statutory requirement under § 3142(i) for a hearing.

## **DISCUSSION**

Defendant (1) appeals Magistrate Judge Yarbrough's detention order under 18 USC § 3145 and (2) seeks temporary release from custody under § 3142(i) for extraordinary and compelling. compelling reasons. The § 3142(g) factors weigh heavily towards finding by a preponderance of

the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community.  Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or his appearance.  Finally, the Court finds no compelling reasons to temporarily release him from custody.

I.      **Detention factors under § 3142(g)**.

      A.      **Presumption of Detention was not rebutted**.

Defendant admits that the rebuttable presumption arises here.  Congress has imposed a rebuttable presumption that no combination of conditions for release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A).  Defendant argues that he has rebutted the presumption by agreeing to the following conditions: supervision by probation and pretrial services, release to the custody of his wife, participation in location monitoring, and prohibition from possessing firearms and ammunition.  The court doubts that the proposed release to his wife is sufficient to rebut the presumption.  Even if it is, weighing the § 3142(g) factors, the Court concludes that Defendant should remain detained.

      B.      **Nature and Circumstances of Crime Charged**.

On November 19, 2019, deputies found 14 firearms in the trunk of Defendant's car. Deputies found 33 grams of methamphetamine, body armor, tactical gear, over 3,000 rounds of ammunition, and fourteen firearms.  Deputies found additional firearms at Defendant's residence. Defendant was on probation at the time of the offense.

The potential penalty is imprisonment for up to 20 years under 21 U.S.C. § 841(b)(1)(C) and up to ten years on the weapons charges.  This factor therefore weighs toward finding he is a flight risk and danger to the community.

### C. <u>Weight of the Evidence</u>.

For the reasons stated by the Government, the weight of the evidence is strong and Defendant does not rebut the evidence presented by the Government.  The weapons and drugs were found in Defendant's vehicle and residence and the Government has the testimony of his girlfriend.  Therefore, the strength of the evidence against the Defendant weighs in favor of finding that he is a danger to the community and a flight risk.

### D. <u>Defendant's history and characteristics</u>.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

It is clear from Defendant's history and characteristics that no conditions of release can ensure the safety of the community.  As recited in detail in the background section, Defendant has a lengthy criminal history which includes violent crimes, repeated probation or release violations, and failures to appear.  The recitation of his criminal history in the pretrial services report was unrebutted by Defendant.  Moreover, Defendant has a history of failure to appear and numerous violations while on release, supervision, or probation.

The Court must also consider Defendant's "physical and mental health."  18 U.S.C. § 3142(g)(3)(A).  Although Defendant has COPD, diabetes, and high blood pressure, the Court finds that this does not tend to show that he is any less of a flight risk or danger to the community.

Defendant's history and characteristics strongly weigh toward finding he is a danger to the community and a flight risk.

### E.   <u>Danger to Community</u>.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020).  As explained above and in the background section, Defendant poses, by clear and convincing evidence, a danger to the community if released.  Defendant's repeated violent crimes, violations of conditions of probation release, and failures to appear all overwhelmingly indicate that he is a danger to the community.

### F.   <u>Conditions of release will not reasonably assure safety of the community</u>.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests a combination of conditions of release but requests third party release to his wife.  Given Defendant's numerous probation and release violations, violent criminal history, and failures to appear, the Court doubts that any condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance, especially if he is released to the custody of his wife.

Therefore, the Court finds by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a flight risk, and no combination of conditions of release could reasonably assure his appearance or the safety of the community.

II.    **No compelling reasons for release under § 3142(i).**

Defendant argues that he should be temporarily released for compelling reason because of the risk to his health posed by COVID-19 pursuant to § 3142(i). Defendant asserts he has COPD, diabetes, and high blood pressure, which together increase his risk if he is infected with COVID-19.

The Bail Reform Act provides for the temporary release of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reasons." 18 U.S.C. § 3142(i). The defendant bears the burden of proof under this provision. *See United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. April 2, 2012) (citation omitted); *United States v. Clark*, 2020 WL 1446895, at *2 (D.Kan. March 25, 2020). The Court will evaluate the "other compelling reason" standard in light of the COVID-19 outbreak utilizing the following factors: (1) the original grounds for defendant's pretrial detention, (2) the specificity of defendant's COVID-19 concerns and the immediate risk of infection, and (3) the efficacy of the proposed release plan in addressing the concerns of the Court when the original detention decision was made as well as the COVID-19 risks now present. *See United States v. Gomez*, 19-CR-3720 RB, Order Denying Motion For Reconsideration of Detention Order, April 10, 2020 (Wormuth, MJ); *cf. United States v. Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez*, 19-CR-1091, Order Denying Defendant's Motion to Modify Conditions of Release in Light of COVID-19, April 21, 2020 (Yarbrough, MJ).

As this Court has previously explained:

"[C]ourts make individualized determinations as to each defendant, which includes whether COVID-19 concerns present compelling reasons to warrant a defendant's release or transfer. *See United States v. Clark,* 2020 WL 1446895, at *3 (D. Kan. 2020). Generalized allegations and conclusory statements about possible exposure to or spread of COVID-19 do not meet the criteria for extraordinary and compelling

reasons. *United States v. Eberhart,* 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).
*United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020);

*United States v. Lee*, No. 1:19-CR-3202-WJ, 2020 WL 1955158, at *3 (D.N.M. Apr. 23, 2020) ("a

defendant should not be entitled to temporary release under [18 U.S.C.] § 3142(i) based solely on

generalized COVID-19 fears and speculation.").

Even if Defendant had carried his burden to show specific concerns based on his

circumstances at Cibola, the original grounds for detention weigh strongly toward detention, as

explained above.  Nothing in Defendant's motion convinces the Court that he is any less of a flight

risk or danger to the community than when detention was ordered.  Moreover, the Court has no

confidence that release to his wife will reasonably assure the safety of the community or his

appearance. Defendant's appeal does not address § 3142(g) factors, and the Court is not convinced

his proposed conditions of release would reasonably assure the safety of the community or his

appearance.  Therefore, the Court finds there is no compelling reason to release Defendant pursuant

to § 3142(i).

## CONCLUSION

The Court finds Defendant's appeal of his detention order under § 3145 and his § 3142(i)

request for temporary release for compelling reasons unpersuasive, for the reasons stated above.

The nature of the crime, weight of the evidence, extensive violent criminal history, and history of

failing to follow probation or release conditions overwhelmingly show that no conditions of release

could assure the safety of the community or his appearance.

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to

the community by clear and convincing evidence, and that no conditions of release could

reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance

of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order (**Doc. 32**) is hereby **DENIED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE